Dear Mr. Johnson:
I am in receipt of your request for an Attorney General's opinion on behalf of the Avoyelles Parish School Board concerning the Avoyelles Public Charter School and whether the Charter School can use the Alert School (an alternative school for children with disciplinary problems) for problem students who are enrolled at the Avoyelles Public Charter School. Specifically, you state that you are concerned about issues of liability and whether or not students of the Avoyelles Public Charter School are actually students of the Avoyelles Parish School system. You also state that you have reservations about whether or not it would be legal for the Avoyelles Parish School Board to administer discipline to children who are students at the Avoyelles Public Charter School.
LSA-R.S. 17:3991 (D) provides the following:
 A charter school may negotiate with the local school board in whose jurisdiction it is located for use of facilities and operation and maintenance thereof, for pupil transportation, and other support services provided by the board to other public schools in the system.
As informed by Gary Wheat, Administrator of Charter Schools with the Louisiana Board of Elementary and Secondary Education, the Avoyelles Public Charter School is a type II charter school which means it is a new school or a preexisting public school converted and operated as the result of and pursuant to a charter between the nonprofit corporation created to operate the school and the State Board of Elementary and Secondary Education. (See LSA-R.S. 17:3973(2)(b)(ii)).
LSA-R.S. 17:3992(B) provides the following concerning amending a school charter:
 Subsequent to approval, a school charter may be amended by the approving chartering authority by an affirmative vote of at least a majority of the membership of the chartering authority when such amendment is proposed by the charter school's governing authority and the amendment will better permit the charter school to achieve its stated objectives. No amendment shall be the basis of extending the duration of the original charter.
LSA-R.S. 17:3993 states the following concerning liability:
 A. The local school board and its members individually are immune from civil liability for any damages arising with respect to all activities related to the operation of any type of charter school they may authorize as a chartering authority, except as is otherwise specifically provided in a charter.
 B. The State Board of Elementary and Secondary education and its members individually are immune from civil liability for any damages arising with respect to all activities related to the operation of any type of charter school they may authorize as a chartering authority, except as is otherwise specifically provided in a charter.
If the Avoyelles Parish School Board determines that the use of the Alert School is a "support service" as defined in LSA-R.S. 17:3991D, and there is a willingness on the part of the School Board to provide this service, then the Avoyelles Public Charter School must amend their school charter. As indicated in LSA-R.S.17:3992(B) an affirmative vote of at least a majority of the approving chartering authority which in this situation is the Board of Elementary and Secondary Education is required to amend the school's charter. Amendments to the charter need to include monetary reimbursement to the Avoyelles Parish School Board for services being provided by the Alert School, changes in the rules and regulations as to the type of discipline that would be used for students suspended and sent to the Alert School and the liability for any student hurt while attending the Alert School.
Since MFP funds follow students from public schools to charter schools some type of compensation would be appropriate for allowing charter school students to attend the Alert School. This could be considered on a daily basis or a lump sum per month.
The school's charter needs to be updated to include the school rules and regulations applicable to pupils including disciplinary policies and procedures. (See Section 3991B (14)). Information concerning the school location needs to include the location of the Alert School (Section 3991 B (15)). Also, provisions in the charter regarding the security of the school needs to include security of the Alert School (Section 3991 B (23)). There may be other changes that need to be made as well.
Please note that notwithstanding any state law, rule or regulation, section 3996 (B) exempts charter schools from all statutory mandates or other statutory requirements that are applicable to public schools and to public school officers and employees except as provided in Section 3996(B) which includes statutes concerning corporal punishment and expulsion of students.
Finally, the Avoyelles Parish School Board and the Avoyelles Public Charter School need to address the issue of liability of the Avoyelles Parish School Board in the charter in the event that a student of the charter school is hurt while attending the Alert school. (See LSA-R.S.17:3993(A)). The insurance carriers should be contacted to ensure that coverage would be provided.
In conclusion, provided the Avoyelles Public Charter School determines that "support services" as discussed in LSA-R.S.17:3991(D) includes the use of the Alert School as provided to other public schools in the system, and provided the charter for the school is amended as provided in LSA-R.S. 17:3992(B), it appears that the Avoyelles Parish School Board can administer discipline to children who are students at the Avoyelles Public Charter School.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ASSISTANT ATTORNEY GENERAL
 BY: ____________________________ BETH CONRAD ROBINSON ASSISTANT ATTORNEY GENERAL
RPI:BCR:sc
DATE RELEASED: September 5, 2002